(No. 3913— )

Bessie I. Perry, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed November 13, 1945.*

Craig & Craig, for claimant.

George F. Barrett, Attorney General; C. Arthur Nebel, Assistant Attorney General, for respondent.

Eckert, J.

Claimant, Bessie I. Perry is the widow of John B. Perry, deceased, who was formerly employed by the Department of Public Works and Buildings, as a patrolman's helper. On December 9, 1944, while flagging traffic on U. S. Route No. 45, about four miles south of Mattoon, he was struck by a car. He died April 27, 1945. Claimant, as widow, seeks an award for the death of her husband under the provisions of the Workmen's Compensation Act.

At the time of the accident, which is alleged to have resulted in the death of John B. Perry, the employer and employee were operating under the provisions of the Workmen's Compensation Act of this state, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of decedent's employment.

Decedent had been employed by the respondent con-

tinuously for more than one year prior to his death at an annual salary of $1448.80. Under section 10 (a) of the Workmen's Compensation Act, compensation must be computed on the basis of this annual wage, making decedent's average weekly wage $27.86, and his compensation rate $13.93. The injury having occurred subsequent to July 1st, 1943, this must be increased 17½%, making the compensation rate $16.37 per week. The decedent had no children under sixteen years of age dependent upon him for support at the time of his death.

From the report of the Division of Highways, which has been filed in the case, it appears that at the time of the accident the decedent was one of a group of employees engaged in pavement repair. The group loaded a truck with tools and materials at Neoga, in Cumberland County, and from there worked north on U. S. Route No. 45, stopping from time to time to repair small breaks in the pavement. About 11:00 o'clock in the morning they stopped approximately four miles south of Mattoon, parking the truck on the east half of the pavement facing north. The decedent was south of the truck near the center line of the highway, flagging traffic, and at the time of the accident had stopped north bound traffic to allow south bound traffic to pass the truck. A north bound car, driven by Mr. Van V. Kibler, of Toledo, Illinois, failed to stop at the rear of the line of standing cars, drove onto the shoulder east of the pavement, around the line of parked cars, and back onto the pavement. It struck the decedent before coming to a stop across the center line of the highway, and threw the decedent to the pavement.

Immediately following the accident, Perry was placed under the care of Dr. W. R. Rhodes, of Toledo. On December 13, 1944, Dr. Rhodes reported to the Divi-

sion of Highways that Perry had sustained a fracture of the 7th, 8th, and 9th ribs on the left side, a contusion on the back of the head, bruises on the right shoulder, and bruises up and down the spine. The doctor stated that he expected no permanent disability.

On January 12, 1945, Dr. Rhodes reported further to the Division that he had discharged Perry on January 10, 1945, and that there was no permanent disability. Perry returned to work January 22, 1945. On April 2, however, following complaints of illness, he again consulted Dr. Rhodes, who then made a tentative diagnosis of intestinal obstruction, and on April 8, following an X-ray, recommended that Perry be hospitalized under a surgical specialist. On April 12, Perry was taken by ambulance to Barnes Hospital, St. Louis, Missouri, where he was placed under the care of Dr. Nathan A. Womack.

From the subsequent report of Dr. Womack it appears that Perry was suffering from severe abdominal pain when he entered Barnes Hospital, and had had a complete bowel obstruction for three days. On April 17, an operation was performed, and numerous bands of adhesions were found within the abdomen. In regard to the adhesions, Dr. Womack stated:

"They seem to have originated from a lesion on the right side of his transverse colon. This was definitely inflammatory in type, and the impression gained was that it was connected with inflammation of the omentum in this region. A portion was removed for microscopic study and this was verified. Extending from this area of inflammation there was a band of scar which stretched down to the termination of his small intestine, cutting it off completely. This had apparently been a progressive lesion. It was necessary to establish a new connection between his small intestine and his cecum. This was done and his condition following operation was satisfactory. His post-operative convalescence was good."

On April 27th Perry stated that he had not felt better in the past six or eight months, and was anxious to go home. He had breakfast, and was smoking a cigarette

when he suddenly ceased breathing. Dr. Womack was of the impression that the sudden death was due to embolus to his pulmonary artery, but an autopsy following the death failed to substantiate the theory, and failed completely to show any cause for the sudden death.

In his report to the Division of date May 2, 1945, Dr. Womack also stated:

"In reviewing his lesion insofar as you are concerned in the Division of Claims, I would say that the history of trauma to the abdomen is in complete accord with our operative findings, and I would therefore surmise that at the time of injury he received some damage to the omentum, which resulted in hemorrhage and subsequent scar formation. His small intestine become involved in a band of this scar and as the fibrous tissue contracted it eventually closed off the small intestine completely.

"This is a very rare situation, but I am of the opinion that a claim on the part of his relatives associating his disease with the injury, has a very definite organic basis."

The court is of the opinion that the death of John B. Perry was a result of the injury which he received on December 9, 1944, and which arose out of and in the course of his employment. Claimant is therefore entitled to an award under Section 7 (a) of the Workmen's Compensation Act in the amount of $4,000.00, which must be increased 17½% under Section 7 (1), making a total award of $4700.00. From this must be deducted the aggregate sum of $170.20, compensation payments made to Perry prior to his death, leaving a balance of $4,529.80

Award is therefore made in favor of the claimant, Bessie I. Perry, in the amount of $4,529.80 to be paid to her as follows:

$ 792.78 which has accrued and is payable forthwith:

3,737.02 which is payable in weekly installments of $16.37 per week, beginning November 13, 1945, for a period of 228 weeks, with an additional final payment of $4.66.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illi-

nois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor, as provided in Section 3 of "An act concerning the payment of compensation awards to State employees," and is payable, upon approval, from the appropriation from the Road Fund in the manner provided in such act.